B. S. KELLEY v. THE STATE.

No. 3909.   Decided March 13, 1907.

**1.—Slander of Female—Variance—Allegation—Proof.**

In a prosecution for slander of a female, where the language imputed was proven and in addition thereto other language was used not varying the sense and meaning of that which was alleged, there was no variance.

**2.—Same—Charge of Court—Insanity.**

Where upon trial for slander of a female the evidence indicating defendant's insanity was rather meager, and the court instructed the jury that the test of defendant's insanity was his ability to distinguish right from wrong concerning the particular act charged against him, etc., and the court also charged reasonable doubt as to whether defendant used the language implied to him, there was no error.

**3.—Same—Charge of Court—Alternating Terms.**

Upon trial for slander, where the indictment charged that the defendant used the language imputed to him falsely, maliciously and wantonly, there was no error in the court's charge in submitting these terms in the alternative, and to find defendant guilty if he used these expressions in either sense.

Appeal from the County Court of Hill.  Tried below before the Hon. M. J. Smith.

Appeal from a conviction of slander; penalty, a fine of $100.

The opinion states the case.

No brief for appellant on file.

*F. J. McCord*, Assistant Attorney-General, and *Walter Collins*, County Attorney, for the State.

HENDERSON, JUDGE.—Appellant was convicted of slander, and his punishment assessed at a fine of $100, and prosecutes this appeal.

Appellant requested the court to instruct the jury that inasmuch as there was a variance between the language alleged to have been used by appellant in the indictment and that proven on the trial, to acquit appellant. The language imputed to appellant in the indictment is that he should have said of and concerning Mrs. Etta A Ligon, who was then and there a married female, that "Etta Ligon is a whore, and I can prove it." The language proven by the witness Murphy was that he said "Etta Ligon is a *dirty* whore and I can prove it, and is the cause of my wife leaving me." The rule is rather strict in this State in requiring that the language alleged as slanderous be proven as alleged; that any material variance will defeat the indictment. See Conlee v. State, 14 Texas Crim. App., 222. But there is no variance where the language imputed is proven, and in addition thereto, other language is used not varying the sense and meaning of that which was alleged. See Gipson v. State, 8 Texas Ct. Rep., 691. In this case the exact language imputed was used with the addition of the word "dirty" which, instead of changing the sense, accentuated and intensified the word whore. The proof of the other words used at the same time to the effect "and is the cause of my wife leaving me" does not in the least change or qualify the meaning of the language which had gone before, and which was alleged in the indictment, but merely furnished the motive which actuated appellant in using the language attributed to him in the indictment. There was no variance, and the court did not err in refusing to give the requested instructions.

Appellant complains of the court's charge on insanity, insisting that it is not full enough, and that certain charges requested by him on the subject should have been given. The evidence indicating appellant's insanity was rather meager. Two or three witnesses testified that in their opinion appellant was of unsound mind. These were non-experts, and they gave no facts in connection with their opinions, so that, their testimony was absolutely worthless. Two witnesses, however, stated facts, in connection with their testimony. One witness predicated his belief of appellant's unsoundness of mind from the fact that on one occasion appellant told him that he ought to plow his corn five or six inches deep, whereas the witness insisted that two or three inches were sufficient. The other witness stated that he based his opinion on the fact that he was appellant's lawyer, and appellant proposed to prove the truth of his assertions by a number of witnesses, and specially told them of one instance of unchastity and a certain witness by whom the fact could be proved, but that none of the witnesses would testify to the facts as stated to him by appellant, and from this he believed appellant to be of unsound mind. None of the witnesses stated they believed appellant was possessed of such unsoundness of mind as that he did not know the difference between right and wrong as to the particular act alleged against him. As stated,

the testimony of appellant's insanity was by no means strong; however, the court gave, as we think, a sufficient charge on this subject. The jury were told that the burden was on appellant to prove his insanity, and that the test of his insanity was his ability to distinguish right from wrong concerning the particular act charged against him. They were instructed further that if they believed from the evidence beyond a reasonable doubt that the defendant used the language imputed to him concerning the prosecutrix, and that he was able at the time to distinguish right from wrong concerning such language so used, that they were authorized to find him guilty; on the other hand if he was not able to distinguish right from wrong in using such language, to acquit him. We believe this was sufficient and the requested charges were not called for.

Appellant complains of the charge of the court in giving to the jury in the alternative the terms falsely and maliciously, or falsely and wantonly, and to authorize the jury to convict in case they find that he used expressions in either sense. We understand this to be the language of the statute. The fact that the indictment charged that appellant used the language falsely and maliciously and wantonly did not change the rule. All these expressions in the indictment are used conjunctively, and if it be conceded that the court should have followed the indictment in framing his charge, the method pursued by the court is without error, as same was not calculated to injure appellant. The court did not err in giving the charge on the subject.

There being no errors in the record, and the evidence amply supporting the verdict, the judgment is affirmed.

*Affirmed.*